16-579(L)
*United States v. Muzaffar et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8ᵗʰ day of November, two thousand seventeen.

PRESENT:     JON O. NEWMAN,
             JOSÉ A. CABRANES,
                  *Circuit Judges,*
             ROBERT N. CHATIGNY,*
                  *District Judge.*

---

UNITED STATES OF AMERICA

        *Appellee,*                 16-579(L), 16-1202(Con), 16-1249(Con)

        *v.*

IRFAN MUZAFFAR, MUZAFFAR NADEEM, AKA MUZAFFAR MUZAFFAR, AKA ALI, ZAINUL SYED, AKA SYED ZAINUL, AKA ZAINE

        *Defendants-Appellants*

AFZAAL CHAUDRY, AKA TARIQ

        *Defendant.***

---

   ∗ Judge Robert N. Chatigny, of the United States District Court for the District of Connecticut, sitting by designation.

   ∗∗ The clerk is ordered to amend the caption of this case as shown herein.

**FOR APPELLEE:**                                    NATHAN D. REILLY, Jo Ann M. Navickas,
                                                     Claire S. Kedeshian, Assistant United
                                                     States Attorneys, Of Counsel (*On The
                                                     Brief*), *for* Bridget M. Rohde, Acting United
                                                     States Attorney, Eastern District of New
                                                     York;

**FOR DEFENDANT-APPELLANT NADEEM:**                  ANTHONY L. RICCO, (Steven Z. Legon,
                                                     *On The Brief*), New York, New York

**FOR DEFENDANT-APPELLANT MUZZAFFAR:** BEVERLY VAN NESS, New York, New
                                                     York

**FOR DEFENDANT-APPELLANT SYED:**                    PETER J. TOMAO, Garden City, New York

Consolidated appeals from the February 18, 2016, April 7, 2016, and April 8, 2016 judgments of the United States District Court for the Eastern District of New York (Brian Cogan, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of the District Court in Nos. 16-1202 and 16-1249 be and hereby are **AFFIRMED** and the judgment of the District Court in No. 16-579 is **AFFIRMED IN PART, VACATED IN PART AS TO THE ORDER OF FORFEITURE, AND REMANDED**.

Defendant-appellants Muzaffar Nadeem ("Nadeem"), Syed Zainul ("Syed"), and Irfan Muzaffar ("Irfan") appeal from judgments entered in the District Court for various crimes related to their operation of SM&B Construction Co., Inc. ("SM&B").

On appeal, Nadeem argues that (1) the District Court incorrectly denied his motion to sever his trial from that of Syed and (2) that the government's money-laundering expert impermissibly testified to ultimate issues at the trial.

Syed argues that (1) the District Court erred in denying his pretrial suppression motion without a hearing; (2) there was insufficient evidence to support his convictions with regard to bribery; (3) he was denied a fair trial based on the improper testimony of the government's expert and the government's improper comments at closing; and 4) the District Court imposed an unconstitutionally excessive forfeiture.

Irfan argues that (1) there was insufficient evidence to support his conviction for structuring and conspiracy to commit structuring; (2) the District Court incorrectly admitted evidence that some of the funds laundered by Nadeem had passed through Irfan's bank accounts; and (3) the District Court imposed an unconstitutionally excessive forfeiture.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

2

# DISCUSSION

## I. Nadeem's Motion to Sever

Nadeem argues that he was denied a fair trial when the District Court denied his motion to sever his trial from his co-defendants. We find no basis for reversal.

We have long held that there is a preference for the joint trial of defendants who have been indicted together. *See, e.g., United States v. Rosa*, 11 F.3d 315, 341 (2d Cir. 1993). As Nadeem concedes, a defendant who challenges the denial of a motion to sever bears a heavy burden. To secure reversal, a defendant must demonstrate prejudice so severe that the resulting conviction constitutes a miscarriage of justice. *United States v. DeVillio*, 983 F.2d 1185, 1192 (2d Cir. 1993).

Nadeem argues that Syed, who was not subject to cross-examination, implied in his confession that Nadeem was issuing checks under $10,000 and that workers were not being paid the prevailing wage, thereby risking incrimination with the jury. Nadeem's name was redacted and substituted with the word "colleague," but Nadeem contends that, in context, this substitution did little to protect his identity. He argues that without Syed's confession, he could have neutralized other testimony to that effect.

His claim is meritless. The relevant inquiry is not whether a jury might infer from other evidence or testimony that a declarant's neutral allusion to a confederate might have referred to the defendant. *United States v. Jass*, 569 F.3d 47, 61 (2d Cir. 2009). But this Court does not review the redacted statement in light of other evidence or testimony. Instead, it reviews the statement alone to determine whether the substitution sufficiently masks the identity of the subject. *Id.* at 62. Nadeem asks us to do the opposite. We decline to do so.

## II. The Claim of Nadeem and Syed That Their Right to a Fair Trial was Violated

Nadeem and Syed both contend that the government's use of a money-laundering expert denied them a fair trial. Syed argues that certain statements that the government made during summation did so as well. These claims are unavailing.

These defendants suggest that the District Court erroneously permitted the government's money-laundering expert, Richard Guerci, to "exceed his proper role" and improperly testify to the ultimate issue, in violation of Federal Rule of Evidence 704. Nadeem Br. 52; Syed Br. 58-60. We review the District Court's evidentiary rulings for abuse of discretion. *United States v. Rosemond*, 841 F.3d 95, 107 (2d Cir. 2016). "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence or rendered a decision that cannot be located within the range of permissible decisions." *United States v. Rowland*, 826 F.3d 100, 114 (2d Cir. 2016) (internal quotation marks omitted). "We will reverse only if an error affects a substantial right, meaning that the error had a substantial and injurious effect or influence on the jury's verdict." *Id.* (internal quotation marks omitted).

Syed fails to identify a particular section of testimony in which Guerci testified to the ultimate issue. Nadeem points to one small portion of testimony in which Guerci testified that an individual engaged in structuring might break a sum of $27,000 into three $9,000 increments to avoid IRS filing, arguing that the amounts he discussed were too similar to the amounts that defendants used to engage in structuring. Upon hearing this testimony, however, the District Court

halted the line of questioning and issued a limiting instruction, informing the jury that Guerci's testimony should not be taken "as indicating anything about the alleged intent of these particular defendants." Appendix, 165. Given the limited nature of the analogy—Guerci did not proceed to list further hypotheticals that closely matched the facts of the case—and the District Court's limiting instruction, we conclude that the District Court did not abuse its discretion.

Syed also argues that he was unfairly prejudiced by the government's purported misstatements in its rebuttal summation. In particular, Syed argues that the government failed to produce sufficient evidence that he received any payment from the fraud. Instead, he contends, the government argued, on mere inference, that Syed could have received money from Nadeem for another source, thereby undermining Syed's defense that he did not receive any payment for his alleged role in the criminal activity and thus was not a knowing participant. Reversal is a "drastic remedy that courts are generally reluctant to implement," and this Court will only do so "when a prosecutor's tactics cause substantial prejudice to the defendant and thereby serve to deprive him of his right to a fair trial." *United States v. Valentine*, 820 F.2d 565, 570 (2d Cir. 1987). To redress this alleged misconduct, Syed requests that we reverse and order a new trial. Upon review of the record, we decline the invitation to do so.

### III. Syed's Motion to Suppress

Syed argues that the District Court improperly denied him an evidentiary hearing on his motion to suppress his post-arrest statements. In particular, he contends that the District Court abused its discretion by accepting the prosecutor's assertion that the initial questioning of Syed was limited to pedigree information and that he had understood his rights.

This Court reviews a District Court's denial of a request for a suppression hearing for abuse of discretion. *United States v. Odeh (In re Terrorist Bombing of U.S. Embassies in East Africa)*, 552 F.3d 157, 165 (2d Cir. 2008). Here, again, we conclude that the District Court did not abuse its discretion. The District Court's decision to credit the government's statements regarding the nature of the pre-*Miranda* questioning of Syed, and its finding that Syed provided no persuasive evidence that he did not understand the *Miranda* warning, were not clearly erroneous.

### IV. Syed's Bribery Conviction

Syed contends that there was insufficient evidence to support his conviction on the counts related to the bribery of an official from the New York City School Construction Authority ("SCA") and a union representative.

As Syed acknowledges, defendants challenging the sufficiency of the evidence used to convict them bear "a heavy burden." *See, e.g., United States v. Litwok*, 678 F.3d 208, 213 (2d Cir. 2012). This Court reviews the evidence "in the light most favorable to the prosecution." *Id.* (citations omitted). Based on this "exceedingly deferential standard, we will affirm the conviction if *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (citations omitted).

Syed argues that the government failed to meet its burden of proof that he gave or offered something of value to the SCA official, or aided and abetted someone else in doing so, and failed to show that Syed acted corruptly with the intent to influence or reward the SCA inspector. Syed claims

that the only witness to testify to Syed's role in the offense, Maninder Singh, merely established that Syed was present when the bribe to the SCA inspector was discussed, not that he engaged in the bribe scheme himself. But Singh indeed testified that Singh participated in the bribes; in one instance, Syed was reported to have handed Singh the cash, clearly in relation to the bribe. Appendix 107-8.

In terms of the bribe of the union official, Syed argues that he did not know of the payments made to the union official at the time they were said to have been made. But Singh's testimony directly contradicts this assertion. Appendix 130-31. Syed does not meet his heavy burden with regard to the SCA or the union official.

**V. Syed's Excessive Forfeiture Claim**

Syed next contends that the District Court erred by ordering Syed to forfeit $1,000,000. Syed argues that he did not earn any profit from the alleged crime and that there is thus no logical basis for the amount of forfeiture imposed. Yet Syed cites no legal authority for his contentions, and he failed to raise the claim below, subjecting it presently to plain error review.

We conclude that Syed does not meet this standard. There was no error in the District Court's ruling, much less "plain error." Fed. R. Crim. P. 52(b). As the District Court said at sentencing, Syed was integral to the scheme and thus the forfeiture was not unreasonable. Special Appendix, 221-225.

**VI. Irfan's Structuring Conviction**

Irfan argues that the evidence of his participation in the structuring schemes was insufficient as a matter of law. As opposed to Nadeem and Syed, Irfan contends, he was merely a minor player without any decision-making authority.

As with Syed's challenge to the sufficiency evidence regarding his bribery conviction, Irfan's challenge to the sufficiency of the evidence here must meet a "heavy burden." *See Litwok,* 678 F.3d at 213. Irfan does not meet that burden. He concedes that he engaged in structuring transactions, and he participated in a recorded discussion about how to react if stopped by the police with a large amount of money after cashing the checks. In the same conversation, with Irfan present, Syed and Singh discussed the fact that they would need to report any checks cashed above $10,000 to the IRS. Irfan notes that this conversation occurred after he was surveilled cashing checks, arguing that that there is thus no proof that he was aware of his participation in the scheme when he engaged in structuring. But the District Court properly found that the evidence was sufficient to allow the jury to infer that the defendant was aware of the reporting requirement and was participating in an attempt to evade it.

**VII. Evidence Regarding Irfan's Bank Account**

Irfan contends that the District Court abused its discretion by allowing the government to introduce evidence that $200,000 in proceeds from the wage fraud were deposited in and disbursed from his bank accounts.

We review Irfan's claim for abuse of discretion. *United States v. Williams*, 585 F.3d 703, 707 (2d Cir. 2009). We conclude that the District Court did not abuse its discretion. Irfan did play a less

5

significant role in the scheme than the other defendants. But given Irfan's documented knowledge of at least some part of the scheme, it was within the District Court's discretion to view the crime as "inextricably intertwined," as the government argued. *United States v. Carboni*, 204 F.3d 39, 44 (2d Cir. 2000).

## VIII. Irfan's Excessive Forfeiture Claim

Finally, Irfan claims that the forfeiture money judgment against him for $750,000 was grossly disproportionate to the gravity of his offense, and thus violated the Eighth Amendment's prohibition against excessive fines. He contends that he played a minor role in the scheme and that the District Court began its analysis from an inflated benchmark of $4.3 million.

We review a District Court's legal determinations regarding forfeiture *de novo* and its underlying factual findings for clear error. *United States v. Bajakajian*, 524 U.S. 321, 336-37 (1998). The key inquiry is whether the forfeiture is grossly disproportional: "The amount of forfeiture must bear some relationship to the gravity of the offense." *Id.* at 334. In determining the proportionality of the forfeiture, we consider: "[1] the essence of the crime of the defendant and its relation to other criminal activity, [2] whether the defendant fits the class of persons for whom the statute was principally designed, [3] the maximum sentence and fine that could have been imposed, and [4] the nature of the harm caused by the defendant's conduct." *United States v. Castello*, 611 F.3d 116, 120 (2d Cir. 2010). It is the defendant's burden to demonstrate that the forfeiture amount is unconstitutional. *Id.*

Taking these factors in order, as the District Court noted, Irfan's participation in the structuring helped make the entire fraudulent scheme possible. Although Irfan was less central to the scheme, he nonetheless did nothing to prevent it or to extricate himself from the situation despite manifest evidence that he knew of the illegal activity. Irfan's maximum fine under the Federal Sentencing Guidelines was $125,000; while the forfeiture decided by the District Court is six times that amount, this Court has upheld forfeitures where they exceed the fine amount under the Guidelines. *See, e.g., Castello,* 611 F.3d 116. Finally, although, as the District Court noted, this case, unlike most wage fraud cases, does not involve mistreatment of employees or incomplete work, it nonetheless harmed businesses that could not secure contracts with the city at higher rates. Considering all of these factors, we do not believe that the forfeiture judgment against Irfan is grossly disproportionate to his crime.

## IX. Irfan's Ability to Pay

Irfan additionally argues that the District Court gave insufficient weight to his inability to pay. This Court recently held that, in addition to the four *Bajakajian* factors above, courts may consider whether forfeiture "would deprive an offender of his livelihood." *United States v. Viloski*, 814 F.3d 104 (2d Cir. 2016). The District Court did not have the benefit of considering *Viloski* before imposing this forfeiture. Since Irfan presents evidence that the forfeiture would deprive him of his future ability to earn a living—including the fact that he has a ninth-grade education, no meaningful employment history, and will enter the job market after release from prison as a convicted felon—we vacate and remand to the District Court so that it may consider Irfan's forfeiture in light of *Viloski*.

## CONCLUSION

We have considered all of appellant's core arguments and find them to be without merit. Accordingly, the judgments of the District Court in Nos. 16-1202 and 16-1249 are affirmed, and the judgment of the District Court in No. 16-579 is affirmed in part, vacated in part as to the order of forfeiture, and remanded.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk